[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief which was brought to the court on January 7, 2002, with a return date of January 15, 2002. The plaintiff is Stergoula Lergos, the defendant is Manolis Lergos. Both parties are represented by counsel and the matter was tried on a limited contested basis to the court.
After hearing testimony and reviewing evidence as submitted the court makes the following findings:
The parties were married on November 2, 1975 in Hartford, Connecticut. At that time, the plaintiff's maiden name was Stergoula Kostantakis. The parties are residents of the state of Connecticut. The marriage of the parties has broken down irretrievably. There are no minor children issue of this marriage. The remainder of the allegations of the plaintiff's complaint dated January 3, 2002 are found to have been proven.
The court further finds as follows:
The plaintiff is currently forty-nine years of age. She was born in Greece, and has lived in the United States for some time. She has a high school education which was completed in this country. She enjoys good health and is employed by the City of Hartford Board of Education. She works as a para-professional and earns approximately $21,500.00 per year as a gross salary. She is paid during the school year, and not during the summer. She also receives medical benefits incident to her employment. In addition to her salary, she receives rental income of approximately $14,500.00 per year. That rental income is generated from her interest in a limited partnership given her by her father. The limited partnership owns a shopping center located at 1799 Farmington Avenue in Unionville, Connecticut. The value of that property is found to be $2,100,000.00. Her proportionate ownership share is valued at $116,667.00. In addition, the plaintiff has a pension account and a Hartford Teachers Federal Credit Union savings account as listed on her financial affidavit. CT Page 2548
The plaintiff owns real estate located in Rhodes, Greece. The real estate had been in her family and was a gift to her from her father at or about the time of her marriage to the defendant. During the course of the marriage the parties removed the house originally on the real estate, and built a newer house. Photographs of the house were submitted during the course of the trial. There was an appraisal done of the house in Greece which was not admitted into evidence. The plaintiff listed the value of the house as $150,000.00, the defendant testified that its value was $360,000.00. No foundation was provided for either estimate. The plaintiff also owns several undeveloped lots in Rhodes, Greece. The value she assigns to that real estate is $50,000.00. The properties in Greece are not encumbered by any mortgage. Mr. Lergos claims an interest in the residence in Rhodes, Greece by claiming the gift made to Mrs. Lergos by her father was intended for both of them as is the tradition in the Greek culture.
The defendant Manolis Lergos is fifty-two years of age. He also was born in Greece and completed high school in that country. He has been in this country for a considerable period of time. His health is fair. He suffers from a thyroid problem and an arythmia of his heart. His health has not prevented him from working or limited his capacity for work. Mr. Lergos has been employed for many years in a business called JG Pizza located in East Granby, Connecticut. The business was started by his father on or about 1980 or 1981. In 1985 his father transferred the ownership of the corporation, in the form of the stock of Rhodes Enterprises, Inc. to Mr. Lergos' brother John.
On or about July of 1988 the defendant, his brother John and his sister Evridiki Meleounis purchased real estate from Cumberland Farms, Inc. There was a mortgage from the three siblings that same date to the Equity Bank. The mortgage secures a promissory note in the amount of $200,000.00. Subsequently, the defendant Mr. Manolis Lergos and his sister Ms. Meleounis conveyed said real estate to John Lergos by quit claim deed which was dated April 4, 1990. That deed was recorded on November 6, 1990. The real estate has been owned by Mr. John Lergos in his own name since that date. The business operated as JG Pizza is located upon the site of said real estate.
The business remains under ownership of Rhodes Enterprises, Inc. which is owned by John Lergos. The defendant, Mr. Manolis Lergos is the Secretary of said corporation and also is the permittee on the liquor license. He has been the permittee since approximately 1995 or 1996. Mr. Manolis Lergos indicates on his financial affidavit that he earns the sum of $41,600.00 per year as wages. His W-2 tax returns and income taxes CT Page 2549 submitted show that same figure. He has testified that he has earned the same amount for approximately the last ten years.
The parties are owners of residential real estate located at 29 Kent Lane in Rocky Hill, Connecticut. Both parties have listed the value of the property, the plaintiff at $281,000.00 and the defendant at $240,000.00. The mortgage balance is found to be $81,594.00. On his financial affidavit dated April 3, 2002, the defendant lists the value of said property at $280,000.00. No explanation has been offered as to the diminution of $40,000.00 of value. Accordingly, the fair market value of the real estate at Kent Lane in Rocky Hill is found to be $280,000.00.
Mrs. Lergos alleges that her husband was and remains a part owner of the business owned by his brother. She claims that her husband routinely brings home large amounts of cash, that he stores the cash in boxes and in safety deposit boxes, that he has paid his brother the sum of $80,000.00 in satisfaction of a debt which payment should have conveyed ownership of some or all of the business to the defendant. Further, it is Mrs. Lergos' claim that the defendant took funds from the refinance of the jointly owned real estate in Rocky Hill and applied those funds towards improvement of the JG Pizza business.
For his part, the defendant maintains that his salary of $800.00 per week is all of the money that he makes from JG Pizza. He indicates that all of the proceeds of the business, cash and otherwise, are deposited into the business accounts and that he does not receive cash in addition to or in lieu of wages not otherwise claimed on his W-2 tax form. Mr. Lergos denies any ownership interest in the business.
Not surprisingly, the parties have described this long-term marriage in radically divergent ways. The plaintiff indicates that the initial years of their marriage consisted of the family living with her father. They had a house in East Hartford which was provided by her father, which was in turn sold and eventually provided a deposit towards the purchase of the Rocky Hill property. Plaintiff also alleges a pattern of abusive behavior by the defendant. She describes a number of occasions during which the defendant was physically abusive of her. There were seven such incidents between 1975 and 1985. She claims that there was one such incident since 1990. Mr. Lergos does not deny all of the allegations of abuse. However, it is his contention that plaintiff was verbally, emotionally and physically abusive to him and has been also to their children. That allegation is corroborated by two of the adult children.
There is insufficient evidence to support the plaintiff's claim that the defendant owns any portion of the real estate or stocks of the CT Page 2550 corporation having to do with JG Pizza. The dates of the deeds, the nature of the transfers, and information as reviewed above indicates that the owner of the property is John Lergos, the brother of the defendant. While the defendant is the Secretary of the corporation, he has little of any familiarity with the corporate books, corporate minutes, or with the details of the corporate structure. Further, while the defendant did run the business for a period of some six years while his brother was in Greece, it does not appear as if his brother gave up any ownership interest on a permanent basis. Mr. John Lergos's testimony as to his ownership of the corporation was uncontroverted. He testified that he owns the land personally, that his brother serves as a guarantor on the mortgage, that he is the person who takes the tax benefits and the tax consequences of the land and the related business.
By the same token, the plaintiff's claim that the defendant does not report all of his income is credible. The defendant's testimony that he has made the same salary for some ten years lacks credibility. There is evidence that when the daughter of the parties was married recently the wedding cost between $30,000.00 and $50,000.00. Those expenses were paid by Mr. Lergos. They were paid in cash. Mr. Lergos' financial affidavit in April of 2002 showed a weekly shortfall of $347.00. The affidavit submitted for purposes of trial dated January 25, 2003 shows a weekly shortfall of $413.00. While there is some increased debt indicated on the latter financial affidavit, the affidavit suggests an annual shortfall in excess of $21,000.00. Those numbers are not logical nor credible. Further, the accumulation of savings in the amount of $30,000.00 at minimum in order to pay for his daughter's wedding is suggestive of funds in excess of the $800.00 per week that he claims. If one accepts the amounts provided by the defendant as his weekly expenses as being reasonable, there is sufficient basis upon which to believe that the defendant's income is at least equal to his weekly obligations which are $1,013.00.
The court has considered the provisions of the Connecticut General Statutes with respect to the issues raised by this matter. After consideration of same, and a review of the evidence presented, the court enters the following orders:
The marriage of the parties should be and hereby is dissolved.
The defendant shall pay alimony to the plaintiff in the amount of $100.00 per week. Said alimony shall continue for a period of twelve years from the date of this judgment, the death of either party, the remarriage or cohabitation as per statute of the plaintiff. CT Page 2551
The plaintiff shall retain her interest in the partnership known as 1799 Farmington Realty Ltd. which owns the property at 1799 Farmington Avenue, Unionville, Connecticut. She shall retain such interest free and clear from any claim or interest of the defendant. She shall be liable for any taxes or expenses associated with said partnership, and shall receive the rental income payable thereon.
The plaintiff shall retain the home and other parcels of land owned by her in Rhodes, Greece. She shall retain those properties free and clear from any claim of the plaintiff, and shall be responsible for any and all obligations thereunder.
The plaintiff shall convey her right, title and interest to the real estate known as 29 Kent Lane, Rocky Hill, Connecticut to the defendant. The defendant shall grant a mortgage to the plaintiff in the amount of $75,000.00 payable without interest at the rate of $15,000.00 per year for five years, or upon sale or refinance of said property. Said payments shall be made commencing June 1, 2003 and every June 1st thereafter until fully paid and satisfied.
The parties shall each retain the motor vehicles listed on their respective financial affidavits.
The plaintiff shall retain all her jewelry and other personal property currently in her possession.
The defendant shall retain the household furnishings located at 29 Kent Lane, Rocky Hill unless of a personal nature to the plaintiff.
The defendant shall retain the Gateway Financial Group stocks and the Northwest Savings IRA.
The plaintiff shall retain her Hartford Board of Education pension account.
The plaintiff shall retain the cash in his possession as listed on his financial affidavit.
The defendant shall maintain a life insurance policy in an amount of $100,000.00 payable to the plaintiff for such time as he has an obligation for alimony, or is obligated on the mortgage to the plaintiff as described above.
Each party shall keep the bank accounts/credit union accounts as listed on their financial affidavit, unless otherwise specified herein, free of CT Page 2552 any claim or interest of the other.
The defendant shall be entitled to continue his medical insurance coverage as provided through the plaintiff's employment under the provisions of COBRA, at his expense.
 BY THE COURT Antonio C. Robaina, J.
CT Page 2553